UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

_Crane 1 Services, Inc._,

    Plaintiff(s),

v.

_George Koch, et al._,

    Defendant(s).

Case No. _1:25-cv-00315_
District Judge Douglas R. Cole
Magistrate Judge _____

**RULE 26(f) REPORT OF PARTIES**
(to be filed not later than seven days prior to the preliminary pretrial conference)

1. Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on _August 12, 2025 (Koch/H&K)_ and on August 15, 2025 (John and Steve Celaschi/S&A/Superior) and present at those meetings were:

_Brian Ledebuhr_, counsel for plaintiff(s) _Crane 1 Services, Inc._,

_Erica Schuman_, counsel for plaintiff(s) _Crane 1 Services, Inc._,

_____, counsel for plaintiff(s)_____,

_Emily Davis_, counsel for defendant(s) _George Koch, H&K Equipment, Inc._,

_____, counsel for defendant(s)_____,

_Corey Young_, counsel for defendant(s) _John and Steve Celaschi / S&A Industrial Contracting, Inc. / Superior Industrial Contracting, Inc._,

_____, counsel for defendant(s)_____,

2. The parties:

___ have provided the pre-discovery disclosures required by Fed. R. Civ. P. 26(a)(1), including a medical package (if applicable).

**X** will exchange such disclosures by September 10, 2025.

___ are exempt from disclosure under Fed. R. Civ. P. 26(a)(1)(B).

3. The parties:

___ unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

**X** do not unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

___ unanimously give contingent consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), for trial purposes only, in the event that the assigned District Judge is unavailable on the date set for trial (e.g., because of other trial settings, civil or criminal).

4. Recommended cut-off date for filing of motions directed to the pleadings:

October 23, 2025

5. Recommended cut-off date for filing any motion to amend the pleadings and/or to add additional parties:

January 29, 2026

6. Recommended discovery plan:

   a. Describe the subjects on which discovery is to be sought and the nature, extent and scope of discovery that each party needs to: (i) make a settlement evaluation, (ii) prepare for case dispositive motions, and (iii) prepare for trial:

Facts relating to the knowledge and use of subcontracting entities owned by John and Steve Celaschi, Defendants' relationships with Crane 1's customers, relevant provisions of the APA and Settlement Agreement, and Plaintiff's damages resulting from claims. The parties expect to engage in written discovery, ESI production, fact and expert depositions.

b. What changes should be made, if any, in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the local rules of this Court, including the limitations to 25 interrogatories/requests for admissions and the limitations of 10 depositions, each lasting no more than one day consisting of seven (7) hours?

   Given the complexity of the issues, extensive fact background and the number of relevant parties, the parties recommend changing the limits to 35 interrogatories and 10 depositions per "party group" (i.e. (1) Plaintiff; (2) Koch/H&K; (3) John and Steve Celaschi/S&A/Superior.

c. Additional recommended limitations on discovery:

   None suggested at this time.

d. Recommended date for the disclosure of lay witnesses:
   February 27, 2026

e. Describe the areas in which expert testimony is expected and indicate whether each expert had been or will be specifically retained within the meaning of Fed. R. Civ. P. 26(a)(2).

   The parties are likely to rely on expert testimony as to damages.
   The parties reserve all rights to disclose additional experts.

3

f. Recommended date for disclosure and report of Plaintiff(s) expert(s):
   March 12, 2026

g. Recommended date for disclosure and report of Defendant(s) expert(s):
   April 16, 2026

h. Recommended date for disclosure and report of rebuttal expert(s):
   May 14, 2026

i. Discovery of Electronically Stored Information: The parties have discussed disclosure, discovery, and preservation of electronically stored information, including the form or forms in which it should be produced.

   X   Yes

   ___   No

   i. The parties have electronically stored information in the following formats:
      Emails, text messages, video recordings, internal documents and business records (native productions)

   ii. The case presents the following issues relating to disclosure, discovery or preservation of electronically stored information, including the form or forms in which it should be produced:
      The parties are not currently aware of any issues.

    j. Claims of Privilege or Protection. The parties have discussed issues regarding the protection of information by privilege or the work-product doctrine, including whether the parties agree to a procedure to assert these claims after production or have any other agreements under Fed. R. Evid. 502.

        __X__ Yes

        ____ No

      i. The case presents the following issues relating to claims of privilege or of protection as trial preparation materials:

      <u>Privilege and confidentiality protections in connection with the contractual agreements at issue in this case</u> and sensitive financial records and information.

      ii. Have the parties agreed on a procedure to assert such claims **AFTER** production?

        ____ No

        __X__ Yes, and plan to submit a proposed protective order to the court.

        ____ Yes, and the parties ask that the Court include their agreement in an order.

7. Recommended discovery cut-off date: June 30, 2026

8. Recommended dispositive motion date: July 31, 2026

9. Recommended date for status conference (if any): _____

10. Suggestions as to type and timing of efforts at Alternative Dispute Resolution: The parties are open to engaging in early mediation but would like the benefit of initial discovery before doing so.

11. Recommended date for a final pretrial conference: September 16, 2026

12. Has a settlement demand been made? Yes

    A response? Yes

    Date by which a settlement demand can be made: N/A

    Date by which a response can be made: N/A

13. Other matters pertinent to the scheduling or management of this litigation:

_____

_____

_____

Signatures:

| Attorney(s) for Plaintiff(s): | Attorney(s) for Defendants(s): |
|---|---|
| Aaron M. Bernay<br>Ohio Bar # 0086495<br>Trial Attorney for Crane 1 Services, Inc. | Ray C. Freudinger<br>Ohio Bar # 0055564<br>Trial Attorney for Koch and H&K Equipment, Inc. |
| Richard J. Sarcone<br>Ohio Bar # 0100775<br>Trial Attorney for Crane 1 Services, Inc. | Emily H. Davis<br>Ohio Bar # 0100237<br>Trial Attorney for Koch and H&K Equipment, Inc. |
| Ohio Bar # _____<br>Trial Attorney for _____ | John H. Phillips<br>Ohio Bar # 0043934<br>Trial Attorney for John and Steve Celaschi, S&A Industrial Contracting, Inc. and Superior Contracting, Inc. |
| Ohio Bar # _____<br>Trial Attorney for _____ | Ohio Bar # _____<br>Trial Attorney for _____ |
| Ohio Bar # _____<br>Trial Attorney for _____ | Ohio Bar # _____<br>Trial Attorney for _____ |